Tatyana Evgenievna Drevaleva

1063 Gilman Dr.

Daly City, CA, 94015

415-806-9864, tdrevaleva@gmail.com

Plaintiff in Pro Per

FILED

MAR 20 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 19 1454

KAW

| | |
|---|---|
| Tatyana E. Drevaleva | ) |
| Plaintiff, | ) |
| vs. | ) |
| 1) The United States of America | ) Verified Petition for a Judicial Review. |
| 2) The U.S. Department of Veterans Affairs | ) |
| 3) The Office of Resolution Management of the Department of Veterans Affairs, 2255 Enterprise Dr., Suite 5506, Westchester, IL, 60154 | ) |
| 4) Mr. Peter O'Rourke, Acting United States Secretary of Veterans Affairs 810 Vermont Avenue, NW Washington, DC 20420 | ) |
| Facilities: | ) |
| 1) New Mexico VA Healthcare System 1501 San Pedro Drive, S.E. Albuquerque, NM 87108 | ) |
| 2) The Minneapolis VAMC, 1 Veterans Dr, Minneapolis, MN 55417 | ) |
| Defendants. | ) |

Page **1** of **5**

Verified Petition for a Judicial Review

1. Comes now Petitioner Tatyana Drevaleva and submits her Petition for a Judicial Review.

2. **Jurisdiction**: This court has jurisdiction over this Petition pursuant to the Administrative Procedure Act 5 U.S.C. §701-706.

3. **Venue** is appropriate in this Court pursuant to 5 U.S.C. §703.

4. Plaintiff Tatyana Drevaleva is a former employee of the Raymond G. Murphy Veterans Affairs Medical Center in Albuquerque, NM and an applicant for employment at the Minneapolis VAMC.

**Introduction.**

5. I was retaliated and unlawfully terminated from the Raymond G. Murphy VAMC in 2017 for my intention to have a child. In 2017, I went to Russia to perform an In-Vitro Fertilization procedure with the verbal permission of Assistant Manager, and I was fired when I was in Russia without being given any prior Notice and an opportunity to be heard.

6. In 2018, I got a full time job as a Medical Instrument Technician at the Minneapolis VAMC. I was undergoing a preemployment screening process. Suddenly, I received an email that my full time job offer had been cancelled. Read the statement of Mr. Joseph Glazer who made a decision to cancel my full time employment at the Minneapolis VAMC, "I reviewed the results of your preliminary background check and determined that you were not suitable for a Medical Instrument Technician position at this time. Suitability factor 1 of 5 CFR 731.202 (b) and Additional consideration 1, 4 and 7 of 5 CFR 731.202 (c). You stated that you were "fired from the Raymond G. Murphy VAMC on June 30, 2017". As you did not properly request your time off for your trip thru the proper chain, this is misconduct and negligence in employment, making you unsuitable for a position at the MPLS VAMC."

7. I didn't know whether I was discriminated by the Minneapolis VAMC against my desire to get pregnant (Pregnancy Discrimination), against my sex (I am a female),

Verified Petition for a Judicial Review

against my age (52 yo), and against my temporary disability that was related to taking time off to undergo an In-Vitro Fertilization procedure. Therefore, I filed an EEO claim against the Minneapolis VAMC. I timely submitted answers on the investigator's questions. The investigator's name is Mr. Charles Kolliker. However, up to today, I haven't received any Determination despite Mr. Kolliker's multiple promises.

8. During the communication with Mr. Kolliker, I made a suggestion that I was not discriminated by the Minneapolis VAMC against my sex, against my desire to get pregnant, against my age, and against my disability. To the best of my belief, the reason why the Minneapolis VAMC cancelled my employment offer was the fact that, most likely, my previous employer, the Raymond G. Murphy VAMC said to the Minneapolis VAMC that I had not properly requested Leave Without Pay for my trip to Russia to undergo the IVF procedure, and it was the reason of terminating my employment from the Raymond G. Murphy VAMC.

9. However, because the Minneapolis VAMC refused to provide me with the results of the EEO investigation and refused to reinstate me back to work, I am respectfully petitioning the District Court of Northern California with a request to conduct a judicial review of the Minneapolis VAMC action.

10. I am respectfully asking the Court to compel the Minneapolis VAMC to provide me with the results of the EEO investigation. Also, I am respectfully asking the Court to determine whether the decision of the Minneapolis VAMC to cancel my full time employment offer was legitimate.

11. If, after receiving the results of the EEO investigation, I am convinced that the Minneapolis VAMC committed discrimination against my desire to get pregnant, against my sex, against my age, and against my disability, I am preserving the right to amend my Petition and to file an Employment Discrimination complaint against the Minneapolis VAMC. Therefore, I am naming a Secretary of the Department of the

Verified Petition for a Judicial Review

Veterans Affairs as a Defendant because I want to preserve the right to file a Complaint for Employment Discrimination.

**Prayer for Relief.**

12. I am praying for the following relief:

    a) To compel the Minneapolis VAMC to provide me with the results of the EEO investigation

    b) To compel the Minneapolis VAMC to disclose the information about the names of the officials from the Minneapolis VAMC who communicated with the Raymond G. Murphy VAMC; about the names of the officials from the Raymond G. Murphy VAMC who communicated with the officials from the Minneapolis VAMC; what exactly the officials from the Raymond G. Murphy VAMC said to the officials from the Minneapolis VAMC about the reasons of terminating my employment at the Raymond G. Murphy VAMC

    c) To compel the officials from the Raymond G. Murphy VAMC to disclose the information about what statutes of law were considered when the Minneapolis VAMC cancelled my full time employment offer

    d) To conduct a judicial review of the actions of both the Raymond G. Murphy VAMC and the Minneapolis VAMC

    e) To issue a Writ of Prohibition to both the Raymond G. Murphy VAMC and the Minneapolis VAMC and to prohibit these facilities to accuse me in "gross negligence" for taking time off for the purpose of undergoing a complete medical examination with a goal to get pregnant

    f) To reverse the decision of the Minneapolis VAMC of cancelling my full time employment offer and to immediately reinstate me back to work at any VAMC

    g) Depending on the results of the EEO investigation, I preserve the right to file a Complaint for Employment Discrimination.

Verified Petition for a Judicial Review

**Verification.**

1) I am a Plaintiff Pro Se and a party of this action

2) I have a personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto.

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at Daly City, CA on March 20, 2019.

Respectfully submitted,

Date: March 20, 2019          Sign Name: 

                                        Print Name:  Tatyana E. Drevaleva

## ATTACHMENTS.

**Attachment 1** – the official correspondence with the Office of Resolution Management.

**Attachment 2** – Affidavit and Exhibits.

**Attachment 3** – Drevaleva, Statement of Facts.

Verified Petition for a Judicial Review

## Attachment 1.

The official correspondence with the Office of Resolution Management.



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
2255 Enterprise Drive, Suite 5506
Westchester, IL 60154

February 5, 2019                                          In reply refer to: 08O

VIA: tdrevaleva@gmail.com

Tatyana Drevaleva
tdrevaleva@gmail.com

**SUBJECT: Assignment of an EEO Investigator to Investigate Your Complaint of Discrimination – Case No. 200J-0618-2018104909, Filed on August 13, 2018.**

1. This is to inform you that Charles Kolliker of the Office of Resolution Management (ORM) is being assigned to investigate your complaint. This letter serves to authorize the Investigator to (a) investigate the accepted claims of this complaint; (b) require all employees of the agency to cooperate with the investigation; and (c) require employees having any knowledge of the matter accepted for investigation to furnish testimony without a pledge of confidence. Pursuant to 29 C.F.R. §1614.108 (c) (2), the Investigator's authority to administer the oath is automatic during the course of this investigation.

2. The Investigator will contact you in the near future to inform you of when the investigation will begin. *Should you have any questions, please contact Department of Veterans Affairs, Department of Veterans Affairs, Office of Resolution Management/ 2255 Enterprise Drive, Suite 5506/Westchester, IL 60154/ phone 708-236-2810 ext. 29210/fax 708-236-2898/ Charles.Kollike@va.gov, Attn: **Charles Kolliker.***

3. When the investigation is complete you will receive your Advisement of Rights Letter and a copy of the investigation file. **If you have opted for Electronic Delivery of Documents (ESD), you will receive only a CD**. Should you wish to also receive a printed copy of the file, please inform the investigator in writing. The CD that you receive will be fully text searchable and can be bookmarked. It is an identical copy of the CD that is provided to EEOC should you request a Hearing. The password for the CD is **Va$eo115**

Sincerely,

Program Assistant
For Glenn W. Sebesta
District Manager-Midwest District

Enclosure: PA/HIPAA Notice

cc: *Charles Kolliker*, EEO Investigator
    Patrick Kelly, Acting Director
    Valerie Klitzke, EEO Program Manager
    Michelle Maloney, EEO Specialist



# Office of Resolution Management

*Department of Veterans Affairs*

**Privacy Act, 5 U.S.C. 552a, and
Health Insurance Portability and Accountability Act (HIPAA)
Violation Notice**

**YOU ARE HEREBY BEING INFORMED THAT THE OFFICE OF RESOLUTION MANAGEMENT IS
REQUIRED TO REPORT ALL PRIVACY ACT AND/OR HIPAA VIOLATIONS.**

The Privacy Act, 5 U.S.C. 552a, applies to any records about an individual which are retrieved by that individual's name or personal identifier (such as Social Security or C-File number). The Department of Veterans Affairs maintains over eighty systems of records. ORM personnel will encounter some of these systems when performing their duties. Some examples are Patient Medical Records (24VA136); General Personnel Records (Title 38) – VA (76VA05); General Personnel Records (Title 5) (OPM/GOVT-1); and Veteran, Employee and Citizen Health Care Facility Investigation Records – VA (32VA00).

The purpose of the Privacy Act of 1974 is to balance the government's need to maintain information about individuals with the rights of individuals to be protected against unwarranted invasions of their privacy stemming from federal agencies' collection, maintenance, use, and disclosure of personal information about them.

The Privacy Act contains a "no disclosure without consent" rule that states no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

The Privacy Act further provides for criminal penalties as follows: Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited by this section or by rules or regulations established there under, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) provides security standards and safeguards for individually identifiable health information. The term "individually identifiable health information" means any information, including demographic information collected from an individual, that

a) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and
b) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or
the past, present, or future payment for the provision of health care to an individual, and identifies the individual; or
(c) with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

CONFIDENTIAL DOCUMENT - GENERATED IN THE ORM COMPLAINTS AUTOMATED TRACKING SYSTEM (CATS)

# Office of Resolution Management

*Department of Veterans Affairs*

The "Safeguards" portion of the Act provides that each person who maintains or transmits health information shall maintain reasonable and appropriate administrative, technical, and physical safeguards

    a) to ensure the integrity and confidentiality of the information;

    b) to protect against any reasonably anticipated threats or hazards to the security or integrity of the information; and unauthorized uses or disclosures of the information; and

    c) otherwise to ensure compliance with this part by the officers and employees of such person.

The Act further provides for penalties of "wrongful disclosure of individually identifiable health information" as follows:

    (a) **OFFENSE**--A person who knowingly and in violation of this part

        1) uses or causes to be used a unique health identifier;

        2) obtains individually identifiable health information relating to an individual; or

        3) discloses individually identifiable health information to another person, shall be punished as provided in subsection (b).

    (b) **PENALTIES**--A person described in subsection (a) shall

        1) be fined not more than $50,000, imprisoned not more than 1 year, or both;

        2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both;

        3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

~~~~~~~~~~~~~~~~~~~~~~~~~~

IF YOU PROVIDE PROTECTED INFORMATION BELONGING TO OTHER INDIVIDUALS (I.E., VA PATIENTS OR COWORKERS) WITHOUT THEIR WRITTEN CONSENT DURING THE PROCESSING OF YOUR EEO COMPLAINT, THIS INFORMATION WILL BE RETURNED TO THE ENTITY RESPONSIBLE FOR MAINTAINING SUCH RECORDS AND DISCIPLINARY ACTION MAY BE TAKEN AGAINST YOU FOR UNAUTHORIZED USE AND DISCLOSURE OF PROTECTED INFORMATION.

# Attachment 2.

Affidavit and Exhibits.



**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF RESOLUTION MANAGEMENT**

Written Affidavit
in the Matter of the EEO Complaint of Discrimination filed by

Tatyana Drevaleva                         )
Complainant                               )
                                          )
v.                                        )      Case No. 200J-0618-2018104909
                                          )
Secretary                                 )
Department of Veterans Affairs            )
810 Vermont Avenue, NW                    )
Washington, DC  20420                     )
                                          )
Respondent                                )
                                          )
                                          )
Facility:  VA Medical Center              )
           Minneapolis                    )
           One Veterans Drive             )
           Minneapolis, MN 55417          )
_____ )

**The accepted claim under investigation are:**

**Whether complainant was discriminated against based on age, sex (female), disability, and reprisal (prior EEO activity), when on June 27, 2018, a tentative job offer for the position of Medical Instrument Technician, at the Minneapolis VAMC was rescinded due to a discrepancy in her background investigation.**

1.  Do you **Tatyana Drevaleva** solemnly swear/affirm that the responses to the following questions are true and complete to the best of your knowledge and belief?

    I, Tatyana Evgenievna Drevaleva, am a Complainant. I am over 18 yo. I have a personal knowledge of the facts stated herein, and I can competently testify. I declare under the penalty of perjury and under Federal laws that all foregoing is true and correct. Executed at Daly City, CA on February 07, 2019.

    Dated: February 07, 2019

    Signed: Tatyana E. Drevaleva

2. Write your complete legal name for the record?

Tatyana Evgenievna Drevaleva.

3. What is your sex and age (month and year of birth)?

I am 52 yo. I was born in October 1966.

4. What is the name(s) of your superiors/supervisor(s) who you believe discriminated against you and what are their respective sex and ages?

I believe that I had a telephonic job interview for the position of a Medical Instrument Technician (Electrocardiograph) at the Minneapolis VAMC in January 2018. The person who conducted a job interview is Ms. Tara Larive. She is an absolutely wonderful person, and I like her so much. I was so happy when I thought that she would be my Supervisor.

In March 2018, I accepted a tentative job offer for a full time position of a Medical Instrument Technician (EKG). I was so happy about it! I started to undergo a background investigation. I got my chest X-Ray and my fingerprints done in California. I also submitted the necessary forms online.

Afterwards, I waited for a long time without getting any response from the VA. I emailed the VA, and I requested to provide me with the details about my hiring process. On June 26, 2018, I got an email from Mr. William Jones that my full time job offer had been canceled "due to discrepancy in [my] background investigation." I requested to explain to me what the discrepancy was.

On June 27, 2018, I got an email from Mr. Joseph Glazer which said,

"Suitability factor 1 of 5 CFR 731.202 (b) and Additional consideration 1, 4 and 7 of 5 CFR 731.202 (c). You stated that you were "fired from the Raymond G. Murphy VAMC on June 30, 2017".

As you did not properly request your time off for your trip thru the proper chain, this is misconduct and negligence in employment, making you unsuitable for a position at the MPLS VAMC."

On June 27, I sent the Minneapolis VA officials the following email:

"Dear Sirs!

I strongly disagree with you. Before taking a trip to Russia for my IVF procedure, I got a verbal permission of the Assistant Manager of 5D Mr. Phil Johnson. He verbally allowed me to go to Russia for my IVF procedure. After I went to Russia, the Manager Ms. Dunkelberger said that I had to Russia without her permission and fired me. It was Pregnancy discrimination. I timely filed a formal complaint with the Department of Veterans Affairs. However, the Agency failed to make its decision by

the deadline which was on May 18, 2018. On May 21, 2018, I notified the Agency about my intention to file a lawsuit. By June 21, 2018, the Agency didn't respond and didn't issue the decision. On May 25, 2018, I filed a lawsuit at the District Court of Northern California against the U.S. Department of Veterans Affairs and the Secretary of the U.S. Department of Veterans Affairs. I am suing the Agency for Pregnancy discrimination, retaliation and unlawful termination, age discrimination, sex discrimination, and intentional infliction of emotional distress.

Please, reconsider your decision to deny my employment. I am looking forward to work in my professional field."

On June 27, 2018, I got the following email from Mr. Glazer,

"Ms. Drevaleva – the suitability determination was made IAW 5 CFR 731.202, I wish nothing but the best for you with your future endeavors. This matter is closed and I will no longer reply to messages on this matter."

I don't know what the name of the Supervisor who discriminated me at the Minneapolis VAMC is. I don't know who made the decision to terminate my full time employment offer.

5.  Do you have a disability?  If so what is your disability?

I am 52 yo. I don't have children. I was married twice but both ex-husbands refused to give me children. I had boyfriends but they also didn't give me children. I attempted to get pregnant using donor's sperm in the USA. I perform approximately 6-7 In-Utero inseminations at Kaiser Permanente in San Francisco but without success. Afterwards, I spent 2.5 years in Russia to undergo a complete medical examination, treatment of infertility, and performing several In-Vitro Fertilization (IVF) attempts. I can't afford to perform IVF attempts in the United States because the price of one IVF attempt is approximately $15 thousand U.S. dollars which I can't pay.

I have dual citizenship. I am a citizen of the United States and the Russian Federation. As a citizen of the Russian federation, I have a right for free of charge attempts of IVF. This governmental program is sponsored by the Ministry of Health of the Novosibirsk Region of the Russian Federation. In order for me to be eligible for this program, I need to be in the Registry of patients who need IVF, and I have to wait for 9-10 months to undergo one attempt. Afterwards, I need to wait for another 9-10 months to undergo another free of charge IVF attempt. Even if I pay for the IVF attempt in Russia, the price is approximately $2500 which I can afford to pay if I am employed. It is not a big amount of money in comparison to $15 thousand U.S. dollars in the United States.

My disability is my infertility. As I just explained, the only way I can treat my disability is to make occasional trips to Russia to perform IVF attempts.

**6.** Regarding your tentative job offer for the position of Medical Instrument Technician, was management aware of your disability? If so, who became aware and when did they become aware of your disability? How did they become aware of your disability?

During the job interview itself, I didn't tell Ms. Larive about my disability. However, I indirectly notified the VA about my disability in form vha 10-2850c when I answered Question 31 – Within the last five years have you been discharged from any position for any reason? I answered that yes, I was discharged from the Raymond G. Murphy VAMC for my trip to Russia to solve some of my medical problems.

In his June 27, 2018 email to me, Mr. Joseph Glazer wrote, "I reviewed the results of your preliminary background check and determined that you were not suitable for a Medical Instrument Technician position at this time…. You stated that you were "fired from the Raymond G. Murphy VAMC on June 30, 2017". "

Reprisal

**The record reveals that you were subjected to reprisal.**

**7.** Were you involved in past EEO activity? If so, when were you involved in EEO activity?

I was involved in the EEO activity in 2017 when I filed an EEO claim for discriminating and unlawfully terminating my full time employment at the Raymond G. Murphy VAMC for my trip to Russia to perform an IVF attempt. The Raymond G. Murphy VAMC fired me when I was in Russia without giving me a 30 day Notice and without giving me an opportunity to be heard. The Raymond G. Murphy VAMC received a copy of my medical documentation from my Russian OB/GYN that confirmed that I was in the Registry of patients to undergo the IVF procedure. The Raymond G. Murphy VAMC ignored this medical documentation and sent me a letter to my home postal address in Albuquerque, NM with a demand to provide them with the medical documentation. At that time, I had no chance to receive that letter because I was in Russia, and the Raymond G. Murphy VAMC knew about it. I emailed my Supervisors from Russia but I never got any response. On July 03, 2017, while being in Russia, I got an email from my former Manager Ms. Carla Dunkelberger that I had been fired on June 30, 2017. Afterwards, I filed an EEO claim, and later I filed a lawsuit. Currently, my lawsuit is pending at the District Court of Northern California and the Court of Appeals for the Ninth Circuit. I also petitioned to the U.S. Supreme Court with a demand to immediately reinstate me back to work. However, I made a mistake in formatting my Petition. The Clerk of the U.S. Supreme Court returned this Petition to me with a request to re-format and re-submit. I will do it at my first opportunity.

I learned that Ms. Dunkelberger had hired two male Monitor Technicians who were much younger than I am. These employees were 30 and 35 yo. Obviously, male Monitor Technicians will not have problems that are related to pregnancy.

**8.** Please describe the nature of your prior EEO activity?

I submitted an EEO claim in July 2017. I complained about being discriminated and unlawfully terminated from the Raymond G. Murphy VAMC for my sex (I am a female), my attempt to get pregnant (pregnancy discrimination), my age 52 yo, and my disability (infertility that required me to make occasional trips to Russia to perform IVF attempts).

9. What management officials were involved in your prior EEO activity? How were they involved?

The names of the officials who discriminated and unlawfully terminated my employment from the Raymond G. Murphy VAMC:
1) Ms. Carla Dunkelberger, Manager of 5D
2) Mr. Phil Johnson, Assistant Manager of 5D
3) Ms. Tina Prince, Nursing Director
4) Mr. Thomas E. Harris Sr., Acting Human Resources Officer
5) (possibly) Allean Bonin (I am not aware about the gender of this individual) who denied my Request for Leave Without Pay for my trip to Russia to perform an IVF procedure.

10. Please describe in detail the nature of involvement for the management officials in your prior EEO activity/complaint?    If they are not involved, explain how they were aware of you prior EEO activity?

I didn't understand this question. Do you want me to describe how the officials of the Raymond G. Murphy VAMC were involved in my prior EEO activity? Or do you want me to describe how the officials of the Minneapolis VAMC knew about my prior EEO activity?

I don't have the information about how the officials of the Minneapolis VAMC were aware about my prior EEO activity. To the best of my understanding, Mr. Joseph Glazer contacted with the Raymond G. Murphy VAMC and learned that I had been fired for "failing to follow a proper chain to obtain LWOP." I don't know the date when Mr. Glazer contacted with the Raymond G. Murphy VAMC, with whom Mr. Glazer contacted, what the official from the Raymond G. Murphy VAMC said to Mr. Glazer about the reasons of terminating my employment, and whether the Raymond G. Murphy VAMC informed Mr. Glazer about my prior EEO activity.

I am requesting to conduct an investigation on this matter and to inform me about the results of the investigation in writing.

11. Please explain how you were treated after your prior EEO activity by the person(s) who discriminated against you?  Describe in detail.

Ms. Carla Dunkelberger refused to reinstate me back to work at the Raymond G. Murphy VAMC during the September 07, 2017 Mediation.

The Office of Resolution Management refused to issue a Determination Letter after investigating my EEO claim for 240 days.

After I filed a lawsuit at the District Court of Northern California, Ms. Dunkelberger lied to Assistant U.S. Attorney Ms. Kimberly Robinson that the reason of terminating my employment was my negligent failure to obtain LWOP. Ms. Dunkelberger lied to Ms. Robinson that my request for LWOP had been denied because I didn't work at the VA for 12 months as it is required by the Family and Medical Leave Act (the FMLA). This is Libel. As a Title 38 employee, I was eligible for a paid Sick Leave instead of an unpaid LWOP according to the Master Agreement between AFGE and the Department of Veterans Affairs. Also, even though I was a new employee and didn't work at the VA for 12 months, I was eligible for obtaining LWOP for the purpose of pregnancy according to the Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care of the Office of the Personnel Management (OPM) of the VA system.

12. How were you treated by the person(s) who discriminated against you prior to your involvement to any EEO activity?   Explain in detail.

Mr. Philip Johnson verbally allowed me to go to Russia for the purpose of performing an IVF procedure. His exact words were, "If you need to go – go!" I have a witness who is Ms. Nadya Das, my former co-worker at the Raymond G. Murphy VAMC. I told her that Mr. Johnson had verbally allowed me to go to Russia to perform the IVF procedure.

Also, I emailed both Ms. Dunkelberger and Mr. Johnson a Russian version of the medical documentation from my Russian OB/GYN prior to my trip to Russia.

Ms. Dunkelberger was absent at the time when I requested LWOP.

After I left to Russia with the verbal permission of Mr. Phil Johnson, I emailed both Ms. Dunkelberger and Mr. Johnson about my progress of undergoing a complete medical examination and preparing for the IVF attempt. On May 30, 2017, I emailed a translated copy of the medical documentation from my Russian OB/GYN. Both Ms. Dunkelberger and Mr. Johnson never responded.

On June 12, 2017 (after I emailed a translated copy of my medical documentation from my Russian OB/GYN to both Ms. Dunkelberger and Mr. Johnson), Ms. Dunkelberger mailed a letter to my home postal address in Albuquerque, NM. In this letter. Ms. Dunkelberger claimed that I hadn't provided her with the medical documentation, demanded me to provide her with the medical documentation, and demanded to immediately return back to work. Ms. Dunkelberger mailed this letter to my home postal address in Albuquerque, NM despite she knew that at that time I was in Russia, and I had no chance to receive that mail and to respond. Ms. Dunkelberger never emailed me a copy of that letter and never mailed it to me to my home postal address in Russia.

Afterwards, Ms. Dunkelberger claimed that I had failed to respond this letter that was sent to my home postal address in Albuquerque, NM, that I failed to return back to work, and it was the reason of terminating my full time employment at the Raymond G. Murphy VAMC.

Also, during the litigation at the District Court, I learned that Ms. Dunkelberger submitted a libelous statement that I had come to her office on May 25, 2017 to discuss the issues related to my trip to Russia. It was a Libel because I left to Russia on May 18, 2017, and on May 25, 2017 I was in Russia and not in Albuquerque, NM.

**Whether complainant was discriminated against based on age, sex (female), disability, and reprisal (prior EEO activity), when on June 27, 2018, a tentative job offer for the position of Medical Instrument Technician, at the Minneapolis VAMC was rescinded due to a discrepancy in her background investigation.**

13. Is the claim correct as stated, if not, please clarify?

   To the best of my understanding, the claim is correct as stated.

14. When was the job rescinded and what reasons were provided to you for the rescinded position? Who provided you these reasons?

   I don't know the date when the job was rescinded. I learned about it on June 26, 2018. Please, see at Attachment which is a copy of my correspondence with Mr. William Jones and Mr. Joseph Glazer.

15. What discrepancy in your background investigation was cited as reason for the rescinded position?

   Here is a copy of the June 27, 2018 statement of Mr. Joseph Glazer,

   "I reviewed the results of your preliminary background check and determined that you were not suitable for a Medical Instrument Technician position at this time. Suitability factor 1 of 5 CFR 731.202 (b) and Additional consideration 1, 4 and 7 of 5 CFR 731.202 (c). You stated that you were "fired from the Raymond G. Murphy VAMC on June 30, 2017".
   As you did not properly request your time off for your trip thru the proper chain, this is misconduct and negligence in employment, making you unsuitable for a position at the MPLS VAMC."

16. What is the name of the Human Resources employee/and or other management personnel who processed this position/vacancy, as well as your rescinded position?

   I don't know. I am asking to investigate it and to inform me in writing.

17. Why do you believe the rescinded position was because of you sex, age, disability, and/or because of past EEO activity?

   I don't have enough information about it:
   1) I don't know the name of the official of the Minneapolis VAMC who contacted with the official of the Raymond G. Murphy VAMC about the reasons of terminating my employment at the Raymond G. Murphy VAMC

2) I don't know what the official of the Raymond G. Murphy VAMC said to the official of the Minneapolis VAMC said about the reasons of terminating my employment at the Raymond G. Murphy VAMC
3) I don't know the date when it happened
4) I don't know whether the official of the Raymond G. Murphy VAMC informed the official of the Minneapolis VAMC about my prior EEO activity
5) When I submitted an EEO claim against the Minneapolis VAMC, I claimed that I had been discriminated against my sex/pregnancy, against my age, and against my disability. I did it only because Mr. Glazer refused to accept the explanations about my trip to Russia for the IVF purpose that I listed in my June 27, 2018 email to him. In that email, I respectfully asked Mr. Glazer to reconsider his decision and to hire me at the Minneapolis VAMC. I explained to Mr. Glazer that I had gone to Russia with the verbal permission of Assistant Manager of 5D Mr. Phil Johnson. Mr. Glazer refused to accept my explanations and didn't reinstate my job offer.

I don't know whether my assertion that I was discriminated by the Minneapolis VAMC against my sex/pregnancy, age, and disability is correct. I am respectfully asking Mr. Kolliker to investigate my claim and to determine whether I was really discriminated by the Minneapolis VAMC against my sex/pregnancy, age, and disability, or whether the Minneapolis VAMC denied my job offer because of the libelous statement of the officials of the Raymond G. Murphy VAMC about the reasons of terminating my employment at the Raymond G. Murphy VAMC. I am respectfully asking Mr. Kolliker to provide me with the results of his investigation in writing.

18. Was the position filled?  If so, provide the name, sex, and age (if known) of the individual who filled the position?

I don't have this information.

19. Why do you believe you were discriminated against due to sex, age, disability and/or past EEO activity, regarding this issue?

Please, read my explanation above.

20. During period of time that concerns this issue, were there any slurs and/or inappropriate comments communicated to you because of your sex, age, disability and/or EEO activity? If so, by whom and how was it addressed?

I want to mention an incident with the Los Angeles VAMC. In June 2018, I had a job interview with the Los Angeles VAMC for a full time job opening of a Medical Instrument Technician (EKG). Answering Question 31 of the vha 10-2850c form, I said that I had been fired from the Raymond G. Murphy VAMC for my trip to Russia to solve some of my medical issues. During the job interview itself, the interviewing Panel asked me whether I was fired for my trip to Russia to solve some of my medical issues. I said "yes." The Panel asked me whether I would need to go to Russia for a follow up to solve my medical issues. I said that yes, I would need to go to Russia again for a follow up to continue solving my medical issues. As a result, I was not hired by the Los Angeles VAMC. I filed another EEO claim against the Los Angeles VAMC, and now this claim is

being investigated. I already submitted my answers on the investigator's questions, and I submitted my Rebuttal.

21. Is there any other information that you would like to provide that is relevant to the claim? If so, please do so here?

Right now, I don't know if there is any other information that I can provide Mr. Kolliker with. If I have the new information, I will share it with Mr. Kolliker.

The above information has been furnished without a pledge of confidence and I understand that it may be shown to the interested parties of this complaint.

I declare under the penalty of perjury and under Federal laws that all foregoing is true and correct. Executed at Daly City, CA on February 08, 2019.

This statement is made under penalty of perjury, this __08__day of ___February____, 2019.


*Tatyana E. Drevaleva*

Tatyana Drevaleva, Complainant

## Exhibit 1.

Copy of my correspondence with the officials of the Minneapolis VAMC about denying my job offer at the Minneapolis VAMC.

 Gmail                                          Tatyana Drevaleva <tdrevaleva@gmail.com>

---

## from Tatyana Drevaleva - a acndidate for the job opening odf a Medical Instrument Technician (EKG) at the Minneapolis VAMC.

---

**Jones, William S.** <William.Jones23@va.gov>                    Tue, Jun 26, 2018 at 6:48 AM
To: Tatyana Drevaleva <tdrevaleva@gmail.com>
Cc: "Corradi, Steven" <Steven.Corradi@va.gov>, "Flores, Christian A." <Christian.Flores@va.gov>, "Ussery, Randall C.," <Randall.Ussery@va.gov>, "Glazer, Joseph E." <Joseph.Glazer@va.gov>


Hello Tatyana,


Per conversation 06/25/2018, I am unable to extend a firm job offer due to a discrepancy in your background investigation. I sent a rescinded offer to you by certified mail with the address on your resume showing 6100 California Street, San Francisco, CA 94121 on 05/09/2018. This certified mail was returned to me due wrong address. I will send another rescinded offer to you by certified mail for your records at the new address. Your new address is 10660 Hidden Mesa Place, Monterey, CA 93940. For more details about your background investigation, please contact Mr. Joe Glazer at (612) 467-4344.

[Quoted text hidden]

 **Gmail**                                          Tatyana Drevaleva <tdrevaleva@gmail.com>

## from Tatyana Drevaleva - a acndidate for the job opening odf a Medical Instrument Technician (EKG) at the Minneapolis VAMC.

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                          Tue, Jun 26, 2018 at 12:17 PM
To: "Jones, William S." <William.Jones23@va.gov>
Cc: "Corradi, Steven" <Steven.Corradi@va.gov>, "Flores, Christian A." <Christian.Flores@va.gov>, "Ussery, Randall C.," <Randall.Ussery@va.gov>, "Glazer, Joseph E." <Joseph.Glazer@va.gov>, "Larive, Tara M." <Tara.Larive@va.gov>

Mr. Jones,

I need to know exactly al details about the alleged discrepancy in my background investigation. To the best of my knowledge, I am not aware of any mentioned above discrepancy. I am looking forward to get your letter with a detail description about this discrepancy. If I don't get the description of the alleged discrepancy, I will contact you again and request to provide me with the details.

I declare under the penalty of perjury under the laws on the State of California that the foregoing is true and correct. Executed at City of Monterey, CA, on June 26th, 2018.

Respectfully,

Tatyana Drevaleva.

[Quoted text hidden]
--
Respectfully,
Tanya.

# M Gmail

Tatyana Drevaleva <tdrevaleva@gmail.com>

---

## from Tatyana Drevaleva - a acndidate for the job opening odf a Medical Instrument Technician (EKG) at the Minneapolis VAMC.

---

**Glazer, Joseph E.** <Joseph.Glazer@va.gov>                    Wed, Jun 27, 2018 at 4:28 AM
To: Tatyana Drevaleva <tdrevaleva@gmail.com>, "Jones, William S." <William.Jones23@va.gov>
Cc: "Corradi, Steven" <Steven.Corradi@va.gov>, "Flores, Christian A." <Christian.Flores@va.gov>, "Ussery, Randall C.," <Randall.Ussery@va.gov>, "Larive, Tara M." <Tara.Larive@va.gov>, "Kimble, Brad" <Brad.Kimble@va.gov>, "Dunkelberger, Carla" <Carla.Dunkelberger@va.gov>

Tatyana Drevaleva


I reviewed the results of your preliminary background check and determined that you were  not suitable for a Medical Instrument Technician  position at this time.   Suitability factor 1 of 5 CFR 731.202 (b) and Additional consideration 1, 4 and 7  of 5 CFR 731.202 (c).   You stated that you were "fired from the Raymond G. Murphy VAMC on June 30, 2017".


As you did not properly request your time off for your trip thru the proper chain, this is misconduct and negligence in employment, making you unsuitable for a position at the MPLS VAMC.


Thank you


Glazer



Joseph E. Glazer

Human Resources Specialist-Security

Human Resources Management Service

VA Medical Center

One Veterans Drive

Minneapolis, MN  55417

612-467-4344

612-467-2287 (fax)

joseph.glazer@va.gov

"How was your service in Human Resources today?  Please take a few moments to complete the HR Customer Service Quick Card at this link:

http://feedback.htm.va.gov/HRQuickCard/feHRQuickCard.aspx

**From:** Tatyana Drevaleva [mailto:tdrevaleva@gmail.com]
**Sent:** Tuesday, June 26, 2018 2:17 PM
**To:** Jones, William S. <William.Jones23@va.gov>

[Quoted text hidden]

[Quoted text hidden]

 Gmail                                    Tatyana Drevaleva <tdrevaleva@gmail.com>

---

## from Tatyana Drevaleva - a acndidate for the job opening odf a Medical Instrument Technician (EKG) at the Minneapolis VAMC.

---

**Tatyana Drevaleva** <tdrevaleva@gmail.com>                   Wed, Jun 27, 2018 at 10:26 AM
To: "Glazer, Joseph E." <Joseph.Glazer@va.gov>
Cc: "Jones, William S." <William.Jones23@va.gov>, "Corradi, Steven" <Steven.Corradi@va.gov>, "Flores, Christian A." <Christian.Flores@va.gov>, "Ussery, Randall C.," <Randall.Ussery@va.gov>, "Larive, Tara M." <Tara.Larive@va.gov>, "Kimble, Brad" <Brad.Kimble@va.gov>, "Dunkelberger, Carla" <Carla.Dunkelberger@va.gov>

Dear Sirs!

I strongly disagree with you. Before taking a trip to Russia for my IVF procedure, I got a verbal permission of the Assistant Manager of 5D Mr. Phil Johnson. He verbally allowed me to go to Russia for my IVF procedure. After I went to Russia, the Manager Ms. Dunkelberger said that I had to Russia without her permission and fired me. It was Pregnancy discrimination. I timely filed a formal complaint with the Department of Veterans Affairs. However, the Agency failed to make its decision by the deadline which was on May 18, 2018. On May 21, 2018, I notified the Agency about my intention to file a lawsuit. By June 21, 2018, the Agency didn't respond and didn't issue the decision. On May 25, 2018, I filed a lawsuit at the District Court of Northern California against the U.S. Department of Veterans Affairs and the Secretary of the U.S. Department of Veterans Affairs. I am suing the Agency for Pregnancy discrimination, retaliation and unlawful termination, age discrimination, sex discrimination, and intentional infliction of emotional distress.

Please, reconsider your decision to deny my employment. I am looking forward to work in my professional field.

At your request, I will send you the case number.

Please, let me know if you have any questions.

Respectfully,

Tatyana Drevaleva.

[Quoted text hidden]
--
Respectfully,
Tanya.

# ☒ Gmail

Tatyana Drevaleva <tdrevaleva@gmail.com>

---

## from Tatyana Drevaleva - a acndidate for the job opening odf a Medical Instrument Technician (EKG) at the Minneapolis VAMC.

---

**Glazer, Joseph E.** <Joseph.Glazer@va.gov>                    Wed, Jun 27, 2018 at 10:42 AM
To: Tatyana Drevaleva <tdrevaleva@gmail.com>
Cc: "Jones, William S." <William.Jones23@va.gov>, "Corradi, Steven" <Steven.Corradi@va.gov>, "Flores, Christian A." <Christian.Flores@va.gov>, "Ussery, Randall C.," <Randall.Ussery@va.gov>, "Larive, Tara M." <Tara.Larive@va.gov>, "Kimble, Brad" <Brad.Kimble@va.gov>, "Dunkelberger, Carla" <Carla.Dunkelberger@va.gov>


Ms. Drevaleva – the suitability determination was made IAW 5 CFR 731.202, I wish nothing but the best for you with your future endeavors. This matter is closed and I will no longer reply to messages on this matter.



Thank you


Glazer



Joseph E. Glazer

Human Resources Specialist-Security

Human Resources Management Service

VA Medical Center

One Veterans Drive

Minneapolis, MN 55417

612-467-4344

612-467-2287 (fax)

joseph.glazer@va.gov



"How was your service in Human Resources today? Please take a few moments to complete the HR Customer Service Quick Card at this link:

http://feedback.htm.va.gov/HRQuickCard/feHRQuickCard.aspx

**From:** Tatyana Drevaleva [mailto:tdrevaleva@gmail.com]
**Sent:** Wednesday, June 27, 2018 12:26 PM
**To:** Glazer, Joseph E. <Joseph.Glazer@va.gov>

[Quoted text hidden]

[Quoted text hidden]

# Attachment 3.

Drevaleva, Statement of Facts.

Attention of Mr. Charles Kolliker

The Department of Veterans Affairs

Office of Resolution Management

2255 Enterprise Drive, Suite 5506

Westchester, IL 60154

from Tatyana Evgenievna Drevaleva

1063 Gilman Dr., Daly City, CA, 94015

415-806-9864, tdrevaleva@gmail.com

Case No. 200J-0618-2018104909

Dear Mr. Kolliker!

I am responding to your phone call this morning and your request to give my explanations regarding the reasons of termination of my full time employment at the Raymond G. Murphy VAMC.

Statement of Facts.

I started to work at the Raymond G. Murphy VAMC on April 03, 2017 as a full time Medical Instrument Technician (Electrocardiograph.) I was a probationary employee, and I was undergoing the orientation process.

In the beginning of May 2017, I approached Manager of 5D Ms. Carla Dunkelberger and informed her that I was 50 yo (at that time), I was married twice but both ex-husbands refused to give me children, I attempted to get pregnant using In-Utero Inseminations (IUI) with donor's sperm at Kaiser Permanente in California, I performed approximately 6-7 IUI attempts but unsuccessfully, and afterwards I spent 2.5 years in Russia to undergo a complete medical examination and treatment. I also informed Ms. Dunkelberger that I had performed a few In-Vitro Fertilization attempts in Russia, and I was on the Registry of patients to undergo an In-Vitro Fertilization in Russia. I said to Ms. Dunkelberger that I was taking hormonal pills that I brought from Russian and that were not available in the United States. I also said to Ms. Dunkelberger that I was running out of the hormonal pills, and I had only 10 pills left at that time. I said to Ms. Dunkelberger that I needed to go to Russia to refill my prescription for the hormonal pills and to undergo another attempt of In-Vitro Fertilization because my turn came in.

Ms. Dunkelberger said that she couldn't pay me while I am in Russia. She said that, it order for me to go to Russia, I needed to obtain Leave Without Pay (LWOP). However, Ms. Dunkelberger said that I was not eligible for the Leave Without Pay under the Family and Medical Leave Act (the FMLA) because I hadn't worked at the VA for 12 months. Ms. Dunkelberger also said that I needed to provide her with a copy of medical documentation from my physician confirming that I needed an In-Vitro Fertilization procedure.

I immediately requested the medical documentation from my Russian OB/GYN. It took seven days for my doctor to process my request.

On May 17, 2017, Ms. Dunkelberger was out of her office. I approached Assistant Manager Mr. Phil Johnson, and I said to him exactly what I had said to Ms. Dunkelberger – that I needed to go to Russia to refill a prescription of the hormonal pills and to perform an In-Vitro Fertilization attempt. Mr. Johnson said to me, "If you need to go – go!" He also provided me with a form to obtain LWOP. I filed out this form, and I put it under the door of the Manager's office.

In the evening on May 17, 2017, after speaking to Mr. Johnson, I spoke to my Russian speaking co-worker Ms. Nadya Das who is also a Medical Instrument Technician (EKG.) I said to Ms. Das that I was going to go to Russia to undergo an In-Vitro Fertilization procedure (IVF), I spoke to Mr. Johnson, and Mr. Johnson verbally allowed me to go to Russia for an IVF attempt. On the night from May 17, 2017 to May 18, 2017, I received a copy of the medical documentation from my Russian physician on Russian language. On May 18, 2017, I emailed a copy of the documentation on Russian language to both Ms. Dunkelberger and Mr. Johnson. On the same day in the evening, I left to Russia.

On May 30, 2017, I emailed a translated into English language copy of the medical documentation to both Ms. Dunkelberger and Mr. Johnson. I also emailed a few times to both Ms. Dunkelberger and Mr. Johnson explaining to them about the progress of undergoing a complete medical examination, a sudden unexpected gynecological surgery, and about other steps to prepare for an actual IVF attempt. Both Ms. Dunkelberger and Mr. Johnson never responded.

At the end of June 2017, I emailed both Ms. Dunkelberger and Mr. Johnson and notified them that, due to the unexpected gynecological surgery, I needed to stay in Russia for a longer time to undergo the IVF attempt. On July 03, 2017, I received an email from Ms. Dunkelberger informing me that I had been fired from the Raymond G. Murphy VAMC on June 30, 2017. I emailed both Ms. Dunkelberger and Mr. Johnson, and I asked them why they fired me. They never responded.

I promptly contacted with the EEO because I believed that I had been discriminated against my desire to get pregnant.

After I returned back to the United States in August 2017, I contacted with the EEO which scheduled a Mediation on September 07, 2017. During the Mediation, Ms. Dunkelberger said that my request for LWOP had been denied by Dr. Tina Prince, and Ms. Dunkelberger mailed a copy of the denial decision to my home postal address in Albuquerque, NM. Ms. Dunkelberger said to me that, because I never responded her mail and didn't return back to work, she fired me. I said that there was no chance for me to receive that piece of mail because at that time I was in Russia and not in Albuquerque, NM, and Ms. Dunkelberger knew about it. She never requested my home postal address in Russia, and she never sent this mail to me to Russia, and she never emailed me this letter. I asked Ms. Dunkelberger to reinstate me back to work which she refused to do.

Afterwards, I spoke to Ms. Nadya Das over the phone. Ms. Das informed me that, after terminating my employment, Ms. Dunkelberger hired two male Monitor Technicians who were much younger that I am. They were 30 and 35 yo, and one of them was already married and already had children. Obviously, male employees will not have problems related to pregnancy.

I realized that I had been discriminated against my sex (I am a female), against my desire to get pregnant, against my age 50 yo, and against my temporary disability that was related to taking time off to undergo the IVF procedure.

I filed a formal EEO complaint. The EEO investigator requested 60 additional days off, and I granted his request. At the end of these 180+60=240 days, I didn't receive any Determination. I notified the Agency about my intention to file a lawsuit. The Agency never responded. I filed a lawsuit at the District Court of Northern California, case No. 3:18cv03748. Currently, this lawsuit is pending.

While litigating my lawsuit, I learned that, as a Title 38 employee, I was eligible for paid Sick Leave for the purpose of pregnancy instead of an unpaid LWOP. Ms. Dunkelberger and Mr. Johnson fraudulently withheld this information from me. Also, I learned that, according to the Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care of the Office of the Personnel Management (OPM) of the VA system, I was not required to work at the VA for 12 months in order to get a leave for the purpose of pregnancy.

I applied for the position of a Medical Instrument Technician at the Minneapolis VAMC, and I had a job interview over the phone. I was offered a full time job, and I was undergoing a preemployment process. After getting my chest X-Ray and fingerprints done, I never heard from the Minneapolis VAMC. I sent an email to Mr. Randall Ussery who referred me to Mr. Joseph Glazer. Mr. Glazer informed me that my full time employment offer had been cancelled allegedly because my former Supervisor from the Raymond G. Murphy VAMC said to the officials of the Minneapolis VAMC that I had been fired for negligently failing to follow the proper chains to obtain LWOP.

It was Libel because I followed all the steps that were required. It is not my fault that Ms. Dunkelberger mailed me a letter to Albuquerque, NM knowing that I would not be able to receive it and to respond. Later, I obtained a copy of that letter. In this letter that was mailed to me on June 12, 2017, Ms. Dunkelberger claimed that I had not provided her with medical documentation. It was Libel because I emailed a translated version of my medical documentation to Ms. Dunkelberger and Mr. Johnson on May 30, 2017. In this letter, Ms. Dunkelberger demanded me to provide her with medical documentation and to immediately return back to work. As I said above, Ms. Dunkelberger knew that I would not be able to receive that letter. Ms. Dunkelberger fired me for not coming back to work.

In my letter to Mr. Glazer, I informed him that I had gone to Russia with a verbal permission of Mr. Phil Johnson for the IVF attempt. I asked Mr. Glazer to reconsider his decision and to reinstate me back to work at the Minneapolis VAMC. Mr. Glazer refused to do it. This is why I contacted with the EEO and filed a formal complaint for pregnancy discrimination, sex discrimination, age discrimination, and disability discrimination against the Minneapolis VAMC.

I am respectfully asking Mr. Charles Kolliker to accept my letter and to provide me with the results of the investigation. Specifically, I need the details of the communication between the Minneapolis VAMC and the Raymond G. Murphy VAMC about the reasons of termination of my employment.

If the Minneapolis VAMC can prove by the preponderance of the evidence that it did not discriminate me against my sex, my desire to get pregnant, my age, and my disability, I will use the results of this investigation as a piece of evidence in my litigation against the Raymond G. Murphy VAMC.

I declare under the penalty of perjury and under Federal laws that all foregoing is true and correct. Executed at Daly City, CA on February 12, 2019.

Respectfully submitted,

Tatyana Drevaleva

Date: February 12, 2019.