IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,
THE UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS, THE OFFICE
OF RESOLUTION MANAGEMENT OF THE
DEPARTMENT OF VETERANS AFFAIRS,
MR. PETER O'ROURKE, Acting United States
Secretary of Veterans Affairs,

    Defendants.

No. 19-01454 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this adverse employment action, defendants move to dismiss for lack of subject-matter jurisdiction. For the reasons stated herein, the motion to dismiss the complaint is **GRANTED**.

## STATEMENT

In April 2017, *pro se* plaintiff Tatyana Evgenievna Drevaleva began working at New Mexico Veterans Affairs Medical Center (VAMC) as a probationary medical instrument technician. In May 2017, she left for Russia and did not return for about three months. Plaintiff subsequently received a termination notice for allegedly taking leave without permission (Dkt. No. 1 at 29, 30).

In June 2018, she sued the United States Department of Veterans Affairs and Robert Wilkie, Acting United States Secretary of Veterans Affairs, in an action entitled *Drevaleva v. U.S. Dep't of Veterans Aff. and Robert Wilkie*, No. C 18-03748 WHA. Plaintiff claimed intentional infliction of emotional distress as well as gender, disability, and age discrimination. An order dismissed those claims without leave to amend, holding that she had failed to state a claim for relief (Case No. 18-03748, Dkt. Nos. 1; 154 at 3, 7, 8, 9).

One month before plaintiff filed that complaint, in May 2018, she had allegedly received an offer to work in the same position at the Minneapolis VAMC (Dkt. No. 25 at 3). By June 2018, however, the Minneapolis VAMC rescinded its offer after learning details of plaintiff's termination in New Mexico. A Human Resources official cited Title 5 Section 731.202 of the Code of Federal Regulations deeming plaintiff unsuitable for hire at Minneapolis VAMC (Dkt. No. 12-1 at 2, 4).

At the end of 2018, plaintiff appealed her 2017 termination from New Mexico VAMC to the Merit Systems Protection Board (MSPB). Plaintiff could not be considered a federal employee, however, because she had worked in probationary excepted service for less than two years when terminated. The MSPB consequently did not accept jurisdiction to review her 2017 termination appeal (Dkt. No. 27-1 at 7, 10).

Under the Administrative Procedure Act, plaintiff now petitions for federal review of the Minneapolis VAMC's 2018 decision that determined her unsuitable for hire (*id.* at 8). She sues the United States, the United States Department of Veterans Affairs, the Office of Resolution Management of the United States Department of Veterans Affairs (VA), Mr. Robert Wilkie, Secretary of the VA, and two VA facilities, the New Mexico VA Healthcare System and the Minneapolis VAMC (Dkt. No. 1). Originally assigned to Magistrate Judge Kandis Westmore, this new action was reassigned to the undersigned due to its relation to the aforementioned action against the United States Department of Veterans Affairs and Robert Wilkie (Dkt. No. 20). All defendants in this action now argue that the Civil Service Reform Act of 1978 (CSRA) precludes review under the APA and move to dismiss this petition for lack of subject-matter jurisdiction. This order follows full briefing (Dkt. Nos. 25, 27, 31) and oral argument.

**ANALYSIS**

The CSRA established the MSPB and gave it jurisdiction to adjudicate suitability actions against a person. *See* 5 U.S.C. § 1302; 5 C.F.R. § 731.501. The MSPB's jurisdiction over such adverse personnel determinations is limited to actions against an "employee" or "applicant for employment." 5 U.S.C. § 7701(a). In turn, the CSRA provided for judicial review of final decisions of the MSPB in the United States Court of Appeals for the Federal Circuit and, in limited instances, other circuit courts of competent jurisdiction. *Id*. § 7703. The CSRA makes no provision for review of suitability decisions by any district court. Our court of appeals has held that the CSRA supplants any jurisdiction of the MSPB by federal courts under the APA. *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984).

In the instant case, plaintiff seeks judicial review of the Minneapolis VAMC's decision that her misconduct and negligence in employment made her unsuitable for hire. The CSRA mandates that one "[i]nstance[] in which a law or regulation authorizes the [MSPB] to hear an appeal or claim include[s] . . . suitability determinations, which relate to an individual's character or conduct that may have an impact on the integrity or efficiency of the service." 5 C.F.R. § 1201.3(a)(9). Accordingly, the CSRA places the jurisdiction to hear this grievance in the MSPB and, in turn, the various United States Courts of Appeals. Therefore, having no subject-matter jurisdiction, the complaint must be dismissed without further leave to amend. Admittedly, this outcome seems inconsistent perhaps with the earlier ruling of the MSPB that it had no jurisdiction over the termination at New Mexico VAMC. That ruling, however, was based on the ground that plaintiff was a probationary worker who had not continuously served in that position for the minimum of two years (Dkt. No. 27-1 at 7). Thus, she was not an employee and, therefore, could not appeal any action to the MSPB. By contrast, the action at issue here at Minneapolis VAMC was allegedly a suitability determination of an *applicant for employment*, which by statute and regulation must be reviewed by the MSPB. There is no inconsistency. If the plaintiff questions the correctness of this ruling, she may, of course, take an appeal to the United States Court of Appeals for the Ninth Circuit.

3

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is **GRANTED**. Plaintiff should not further litigate this claim in district court.

**IT IS SO ORDERED.**

Dated: September 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE