IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, THE OFFICE OF RESOLUTION MANAGEMENT OF THE DEPARTMENT OF VETERANS AFFAIRS, ROBERT WILKIE, United States Secretary of Veterans Affairs,

    Defendants.

No. 19-01454 WHA

**ORDER DENYING MOTION TO VACATE**

## INTRODUCTION

This concerns the second of a series of three (so far) civil actions brought against the Veterans Administration by an applicant for employment. This order denies her motion to vacate the judgment against her in the second action.

## STATEMENT

In July 2017, New Mexico Veterans Affairs Medical Center (VAMC) terminated medical instrument technician and *pro se* plaintiff Tatyana Drevaleva for allegedly taking leave without permission (Dkt. No. 1 at 29, 30). In May 2018, without disclosing her 2017 VAMC termination, plaintiff applied to work at the Minneapolis VAMC and received a tentative job offer. After conducting a background check, however, Minneapolis VAMC learned about the 2017 VAMC termination and subsequently rescinded the offer (Dkt. No. 12 at 3).

Specifically, a Human Resources official determined that she was not suitable for a medical instrument technician position citing "[s]uitability factor 1 of 5 CFR 731.202(b) and Additional consideration 1, 4, and 7 of 5 CFR 731.202(c) . . . As [plaintiff] did not properly request [her] time off for [her] trip thru the proper chain, this is misconduct and negligence in employment, making [her] unsuitable for a position at the MPLS VAMC." When plaintiff asked for reconsideration, the official declared that ". . . the suitability determination was made [in accordance with] 5 CFR 731.202 . . . " and closed the matter (Dkt. No. 12-1 at 4-6).

Plaintiff filed suit in March 2019 against defendants United States of America, United States Department of Veterans Affairs, the Office of Resolution Management of the Department of Veterans Affairs, and Acting United States Secretary of Affairs Mr. Peter O'Rourke. A prior order dated September 20, 2019 granted defendants' motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 35). That order held that the Civil Service Reform Act of 1978 (CSRA) authorized the Merit Systems Protection Board (MSPB) with jurisdiction to review Minneapolis VAMC's suitability determination and, therefore, precluded judicial review under the APA. On September 28, plaintiff moved to vacate the judgment pursuant to Rule 60(a) (Dkt. No. 37).

## ANALYSIS

Rule 60(a) sets forth that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment order, or other part of the record. The court may do so on motion or on its own, with or without notice." Plaintiff argues that because she applied for a position in excepted service, the aforementioned order wrongly held that the MSPB had jurisdiction to hear her complaint (Dkt. No. 37 at 15). This order disagrees.

Our court of appeals holds that the CSRA's comprehensive remedial nature indicates congressional intent to preclude federal judicial review of certain government employment actions. *Veit v. Heckler*, 746 F. 2d 508, 509 (9th Cir. 1984). The CSRA created the MSPB and gave it jurisdiction over suitability determinations. *See* 5 U.S.C. § 1204(a)(1); 5 C.F.R. § 731.501. The MSPB has appellate jurisdiction over (5 C.F.R. § 1201.3(a)(9)):

> [a]ction based on suitability determinations, which relate to an individual's character or conduct that may have an impact on the

2

> integrity or efficiency of the service. Suitability actions
> include the cancellation of eligibility, removal, cancellation
> of reinstatement eligibility, and debarment. A non-selection
> or cancellation of eligibility for a specific position based on
> an objection to an eligible or a pass over of a preference eligible
> under 5 CFR 332.406 is not a suitability action.

Section 731.101(a) from Title 5 of the Code of Federal Regulations establishes the criteria and procedures that agencies must follow when making suitability determinations. A covered position is in the competitive service, the excepted service where the incumbent can be noncompetitively converted to the competitive service, and a career appointment in the Senior Executive Service. 5 C.F.R. § 731.101(b). An applicant is a person who is being considered or has been considered for employment. *Ibid.* Section 731.202(b) lists specific factors that agencies must consider when determining whether a person is suitable for employment. Section 731.202(c) then lists additional considerations that agencies must regard with discretion.

Although our court of appeals has not spoken precisely on this issue, the Court of Appeals for the Federal Circuit clarified that the MSPB has jurisdiction to review an applicant's non-selection resulting from a suitability determination considered under Section 731.202. In *Burroughs v. MSPB*, the Federal Aviation Administration found an applicant unsuitable for hire because he lacked requisite education and experience. 73 F. App'x 415, 417 (Fed. Cir. 2003). The MSPB dismissed applicant's appeal because the suitability determination was not based on any of the suitability factors set forth in Section 731.202. The Federal Circuit affirmed that the applicant failed to allege an appealable non-selection. It held that the MSPB had jurisdiction over adverse suitability determinations based on factors related to performance and behavior including misconduct or negligence in employment. *Ibid.*

In *Folio v. Department of Homeland Security*, the Federal Circuit held that the MSPB has ". . . jurisdiction to review all aspects of an unsuitability determination, including whether the charged conduct renders an individual unsuitable for the position in question." 402 F.3d 1350, 1356 (Fed. Cir. 2005). In that case, the agency rescinded a job applicant's tentative offer for employment following a background check. An administrative judge misinterpreted Section 731.501 as limiting the MSPB's jurisdiction to review the relationship between the "specific

3

1  factors" set forth in Section 731.202(b) and the "additional considerations" set forth in Section
2  731.202(c). The Federal Circuit vacated and remanded that judgment. It clarified that the
3  MSPB was only precluded from reviewing or modifying the ultimate "action" taken, which was
4  left to the Office of Personnel Management or the appropriately delegated agency. The general
5  determination based on the factors listed in Section 731.202, however, is still reviewable by
6  the MSPB. *Id*. at 1355.

7  Both *Burroughs* and *Folio* are persuasive and not in conflict with our court of appeals'
8  view that the CSRA supplants any jurisdiction of the MSPB by federal courts under the APA.
9  *Veit v. Heckler*, 746 F. 2d 508, 509 (9th Cir. 1984). Plaintiff replies that because she did not
10 apply for a position in competitive service, she could not be subject to a suitability action
11 pursuant to Part 731 (Dkt. No. 37 at 15). The Minneapolis VAMC official, however, declared
12 that the agency rescinded the job offer because of a suitability determination made under
13 Section 731.202. The Federal Circuit holds that the MSPB has jurisdiction to review all
14 aspects of determinations deeming an applicant unsuitable for hire under Section 731.202.
15 *See Burroughs v. MSPB*, 73 F. App'x 415, 417 (Fed. Cir. 2003)*; Folio v. Dep't of Homeland*
16 *Sec.*, 402 F. 3d 1350, 1354 (Fed. Cir. 2005). So too here. Neither the MSPB nor Federal Circuit
17 have held that an applicant must apply to a covered position to maintain the MSPB's jurisdiction
18 over a suitability determination. Plaintiff's motion to vacate the previous order for this reason is,
19 therefore, **DENIED.**

20 Plaintiff then argues for judicial review of Minneapolis VAMC's decision because it
21 allegedly violated both the substantive due process and the Due Process Clause of the Fifth
22 Amendment. These constitutional violations were never pled. Because these claims do not
23 introduce any instances of mistake, newly discovered evidence, or misconduct, this order will
24 not reopen the case on those matters at this late stage.

25 At the end of her motion to vacate, plaintiff mistakenly asserts that 5 U.S.C. § 702 allows
26 judicial review of her amended petition under the APA. This order disagrees. The APA is
27 inapplicable where particular statutes preclude judicial review, or where agency action is
28

committed to agency discretion by law. 5 U.S.C. § 701(a). The CSRA preempts APA review in this case for the reasons stated above.

## CONCLUSION

In light of the foregoing, plaintiff's motion to vacate is **DENIED**. No more motions by plaintiff will be entertained herein.

**IT IS SO ORDERED.**

Dated: November 6, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE